# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| NORRIS RAY MCCOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIFFANY WOOTEN, Nurse, et al., )<br>)<br>Defendants. ) | CV 314-062 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. BACKGROUND

Plaintiff names the following Defendants: (1) Tiffany Wooten, a nurse at TSP; (2) Ms. Towns, a nurse at TSP; (3) Dr. Cheney, a doctor at TSP; and (4) Ms. Yawen, the Medical Director at TSP. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In November of 2013, Defendant Wooten "committed the act of 'forgery' when she doctored" Plaintiff's medical files to show that he had received a PPD tuberculosis shot and bloodwork when he had not. (Id. at 5.) He also believes that his medical files have been similarly "doctored" by Defendant Towns to show he is receiving annual physicals even though

he has not had a physical since 2010. (Id.) Plaintiff does not claim any health problems arising from these issues with his medical files. Plaintiff also alleges that Defendants Cheney and Yawen have refused to let him view his medical files because he is in lockdown, despite there being no rule prohibiting prisoners in lockdown from viewing their medical files. (Id.) He requests Defendants' "medical licenses be permanently revoked for committing acts unbecoming professional personnel." (Id. at 6.) As to the prison grievance procedure, Plaintiff states he filed a formal grievance but did not receive a response. (Id. at 3.) Although the complaint form directs the prisoner plaintiff to describe his use of the grievance appeal process, Plaintiff does not state that he filed a grievance appeal. (Id. at 4.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Valid § 1983 Claim.

#### 1. No Claim for Violating a Regulation.

Plaintiff's allegations amount to a claim that the named Defendants violated various regulations by "doctoring" medical files to show Plaintiff received treatment or had medical examinations which did not take place and then refusing to let him view his medical records. He has not identified any specific regulations that were violated, and he has alleged no harm or injury from these alleged violations.

This claim fails because a valid § 1983 claim is stated when a violation of the Constitution or federal law occurs, not when there is violation of an administrative regulation. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-31 (1986). An allegation of non-compliance with a prison

regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, CV 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted based on Defendants' alleged violation of unspecified prison or state professionalism regulations.

### 2. No Claim for Deliberate Indifference to a Serious Medical Need.

To the extent Plaintiff may be attempting to raise a claim for deliberate indifference to a serious medical need because he did not receive a diagnostic test for tuberculosis or preventative care in the form of bloodwork or an annual physical, any such claim fails. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). Plaintiff does not allege the existence of any medical need, let alone a serious one. As there is no allegation of a serious medical need, there is likewise no allegation of a subjective awareness by any Defendant of the need for treatment of a serious medical need. Nor has Plaintiff alleged any actions or omissions by

any Defendant caused him any injury. The absence of any one of these components is fatal to a deliberate indifference claim. See Carter v. Broward County Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 922-23 (11th Cir. 2014). With respect to any claim by Plaintiff that he did not receive a skin test or a shot for tuberculosis, Plaintiff makes no allegation that he had been exposed, or had reason to believe he had been exposed, to tuberculosis or that he was exhibiting symptoms suggesting he had tuberculosis such that any diagnostic test or shot was necessary.

Although Plaintiff may prefer a full range of preventative care, the law is clear, "As long as the medical treatment provided is minimally adequate, a prisoner's preference for a different treatment does not give rise to a constitutional claim." Chatham v. Adcock, 334 F. App'x 281, 288 (11th Cir. 2009). Moreover, the question of using additional diagnostic techniques or alternate treatment forms "constitutes a classic example of a matter for medical judgment and does not support an Eighth Amendment claim." Clas v. Torres, 549 F. App'x 922, 923 (11th Cir. 2013). Plaintiff has not alleged the existence of any medical condition that would have put any Defendant on notice of the need for the diagnostic testing and preventative care he alleges was withheld from him, and thus, he has failed to state a claim for deliberate indifference to a serious medical need.

### C. Plaintiff Did Not Exhaust His Administrative Remedies.

Even if Plaintiff had stated a valid claim for a violation of the Constitution or federal law, his complaint also appears subject to dismissal because of his failure to exhaust administrative remedies.

### 1. The Exhaustion Requirement of the Prison Litigation Reform Act ("PLRA").

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).[1] Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available"

---

[1] Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See Lee v. Lappin, No. 04-5008, 2004 WL 1701045 (D.C. Cir. July 29, 2004); McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 537-38 (7th Cir. 1999).

whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

### 2. The Prison Grievance Procedure.

Because of the date of the events about which Plaintiff complains, the administrative grievance procedure applicable in this case is governed by the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001 that became effective on December 10, 2012. Inmates are encouraged to resolve complaints on an informal basis before filing a grievance, however this step is not required. SOP IIB05-0001 § VI(A)(4). The administrative remedies procedure commences with the filing of the Original Grievance. The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the Original Grievance and give it to a Counselor. Id. § VI(D)(1)-(5). Once the Counselor gives the grievances to the Grievance Coordinator, they will screen it in order to determine whether to accept it or recommend that the Warden reject it. Id. § VI(D)(5). If the Warden rejects the grievance, the inmate may appeal the rejection to the Central Office. Id. § VI(D)(5)(f).

If the Grievance Coordinator accepts the grievance or the Warden rejects the coordinator's recommendation to reject the grievance, the Grievance Coordinator will appoint a staff member to investigate the complaint. Id. § VI(D)(6). After the staff member prepares a report, the Grievance Coordinator submits a recommended response to the Warden. Id. The Warden or a designee reviews the grievance, the report, and the recommendation and issues a decision in writing. Id. The Warden has forty days from the date the offender gave the Original Grievance to the Counselor to deliver a decision. Id. § VI(D)(7).

The inmate then has seven calendar days from the date they receive the response to file a Central Office Appeal to the Office of the Commissioner, but this time limit may be waived for

good cause. Id. § VI(E)(2). If the Original Grievance is rejected, or if the time allowed for a response to the Original Grievance has expired without action, the offender may file a Central Office Appeal. Id. §§ VI(E)(3)-(4). The Office of the Commissioner or his designee then has 100 calendar days after receipt of the grievance appeal to deliver a decision to the offender. Id. § VI(E)(7).

### 3. Plaintiff's Failure to Exhaust.

Here, Plaintiff claims to have received no response to submission of his formal grievance, but he did not appeal to the Central Office, as is permitted when an original grievance is rejected or the time for receiving a response has expired without the offender receiving a response. SOP IIB05-0001 §§ VI(E)(3)-(4). In order to properly exhaust, Plaintiff must use all steps of the available exhaustion procedure. Woodford, 548 U.S. at 93. Additionally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit. Higginbottom, 223 F.3d at 1261. It is plain from the face of his complaint that Plaintiff failed to complete the entire grievance process prior to submitting the current complaint because the complaint requires Plaintiff to explain, under penalty of perjury, his use of the grievance procedure, but his description of the use of the process stops with the statement that he received no response to his original grievance.[2] Therefore his complaint fails to state a claim upon which relief can be granted for this reason as well. See Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th

---

[2]Exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). Dismissal is nonetheless appropriate where, as here, the complaint allegations show that a prisoner's claims are barred by an affirmative defense. Id. at 14; see also Clark v. Georgia Pardons and Paroles Bd., 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action"); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (finding that the district court properly dismissed complaint because the allegations in the complaint sufficed to establish that the plaintiff failed to exhaust his administrative remedies).

8

Cir. 2011) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of October, 2014, at Augusta, Georgia.

*(signature)*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA